**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-459 |
| | § | C.A. No. C-09-18 |
| GILBERTO JOSE RODRIGUEZ, | § | |
| Defendant/Movant. | § | |

**ORDER SETTING BRIEFING SCHEDULE**
**AND ORDER DENYING MOTION FOR RECUSAL**

On January 26, 2009, the Clerk received Movant Gilberto Jose Rodriguez's ("Rodriguez") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, with supporting memorandum. (D.E. 49, 50). At the same time, Rodriguez filed a motion for recusal (D.E. 51), also addressed herein.

## I. BRIEFING SCHEDULE

It is now ORDERED that the United States answer the § 2255 motion not later than sixty days after the entry of this Order. It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2008), Rodriguez may file a reply not later than thirty days after service of the government's answer.

## II. MOTION FOR RECUSAL

Rodriguez has also filed a motion "Requesting Removal of Trial Court Judge," in

which he claims that this Court is biased or personally prejudiced against him. (D.E. 51.) He relies on two things in support of his allegations of bias: (1) comments made by the Court at sentencing; and (2) the fact that the Court imposed a non-guidelines sentence that was higher than the advisory guideline range. Specifically, he claims that the court used "illegal avenues to enhance the defendant's sentence because of his personal feelings." He thus argues that the Court's impartiality might reasonably be questioned and that recusal is warranted.

As an initial matter, although Rodriguez seeks relief pursuant to 28 U.S.C. § 144, it is not clear that Rodriguez's motion complies with the requirements of that provision. Specifically, Section 144 requires a party to file a timely and sufficient affidavit that the judge has a personal bias or prejudice against him. 28 U.S.C. § 144. Rodriguez's motion, although titled as an "Affidavit and Motion" does not contain any statement that the allegations therein were made under penalty of perjury nor does it contain any sworn declaration. Regardless of whether the motion is considered under 28 U.S.C. § 144 or 28 U.S.C. § 455 (which governs the disqualification of a judge for various reasons), this Court has authority to determine the recusal motion before it. See Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996) (when the issue of recusal arises, whether through a motion to recuse under § 455, an affidavit of prejudice under § 144, or the judge's own motion, the judge has the option to transfer the recusal matter to another judge for decision or determine it himself). Having reviewed the motion and the record, the Court concludes that recusal is not warranted in this case, for the reasons set forth below.

A party may request the recusal of a judge if "his impartiality might reasonably be

questioned." 28 U.S.C. § 455(a); Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003). Recusal is required where the moving party demonstrates that an objective reasonable person fully informed of the underlying facts would "entertain significant doubt that justice would be done absent recusal." United States v. Lauersen, 348 F.3d 329, 334 (2d Cir. 2003).

The Fifth Circuit has emphasized that the "origin of the judge's alleged bias is of critical importance," explaining that events occurring or opinions expressed in the course of judicial proceedings "rarely require recusal" and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Andrade, 338 F.3d at 455 (internal citations omitted).

The statements by the Court that Rodriguez alleges show bias were all made in the course of judicial proceedings. Indeed, they were made during sentencing, and were comments that stemmed directly from the Court's review of Rodriguez's criminal history and information in his Presentence Investigation Report. Thus, the origin of the alleged bias was the criminal proceedings against the Court, which "rarely require[s] recusal." Andrade, 338 F.3d at 455.

Moreover, the Court has reviewed the entirety of the sentencing transcript. The Court does not find any basis for recusal. The Court expressed its opinion, based on information before it in the record, that Rodriguez had engaged in "cowardly" acts showing that he was capable of taking human life. This conclusion was based on a finding that Rodriguez had – on at least two occasions – participated in drive-by shootings. Moreover, this finding was made was made in the course of determining what an appropriate sentence would be for Rodriguez, clearly a judicial act. Nothing said by the Court indicates a personal bias against

Rodriguez that arose outside of judicial proceedings.

Similarly, the Court's decision to impose a non-guidelines sentence is a judicial ruling, which the Fifth Circuit has noted "almost never constitute a valid basis for a bias or partiality motion." Andrade, 338 F.3d at 454. Notably, moreover, Rodriguez challenged his sentence on appeal, and the Fifth Circuit affirmed the Court's imposition of a non-guidelines sentence. (D.E. 48.)

In short, there is no basis for recusal. Accordingly, Rodriguez's motion for recusal is DENIED.

It is so ORDERED this 26th day of February, 2009.

Hayden Head

HAYDEN HEAD
CHIEF JUDGE