**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-459 |
| | § | C.A. No. C-09-18 |
| GILBERTO JOSE RODRIGUEZ, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Movant Gilberto Jose Rodriguez's ("Rodriguez") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, with supporting memorandum. (D.E. 49, 50).[1] Also before the Court is the government's response, which moves for the dismissal of Rodriguez's motion. (D.E. 54, 55.) To date, Rodriguez has not filed a reply.

For the reasons set forth herein, Rodriguez is not entitled to relief. Accordingly, Rodriguez's § 2255 motion is DENIED. The Court also DENIES Rodriguez a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Unless otherwise noted, docket entry references are to the criminal case, Cr. No. C-07-459.

1

## II. BACKGROUND

**A.      Facts of the Offense[2]**

On August 20, 2007, agents with the U.S. Border Patrol in Freer, Texas responded to a call from the Freer Police Department in reference to a vehicle containing suspected illegal aliens. Upon arrival, contact was made with the officer, who reported that he had initiated a traffic stop on a 2000 Silver Dodge Stratus for a defective license plate light. The driver of the car was Rodriguez. The officer stated that there were also five passengers that he suspected were undocumented aliens. The Border Patrol agent interviewed the five passengers and determined that four were citizens and nationals of Mexico and one was a citizen and national of El Salvador. All were illegally present in the United States.

According to the deposition testimony of one of the passengers, Uriel Diaz-Hernandez, he entered the United States on August 19, 2007, by crossing the Rio Grande River in an inner tube. Prior to crossing, he had paid someone $1,800 in Nuevo Laredo, Mexico to be transported to San Antonio, Texas. Once in the United States, Diaz-Hernandez was picked up by someone in a blue car and taken to an entrance of a ranch, where he was dropped off. He was instructed to just walk through the ranch and to join up with a group of other undocumented aliens who he would see walking. After ten minutes, he came upon a group of approximately ten undocumented aliens and joined them. After walking through the brush for a "long time," someone in the group gave him and the others a drink of water

---

[2] Unless otherwise noted, the facts of the offense as set forth herein are derived from Paragraphs 4 through 7 of the Presentence Investigation Report ("PSR").

from a gallon jug. After the water ran out, some of the group began falling behind and complaining, and they were eventually left behind.

In describing his journey through the brush, Diaz-Hernandez testified that there were a lot of burrs and thorns. He stated that he walked approximately six to eight hours through the brush and the open until the group finally reached a gas station in Freer, Texas. At the station, someone else in the group asked Rodriguez for a ride to San Antonio and Rodriguez agreed. In a stipulation of facts in which he agreed with the government, Rodriguez stated that he was driving the Stratus that contained five illegal aliens. He further admitted that he picked them up near Hebbronville, Texas and was going to transport them to San Antonio, Texas.

**B.     Criminal Proceedings**

On September 12, 2007, Rodriguez was charged with two counts of transporting an illegal alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii). (D.E. 14.) On October 23, 2007, he pleaded guilty pursuant to a written plea agreement. (D.E. 26-28.) In exchange for his guilty plea to Count 1, the United States agreed to recommend a sentence at the low end of the guideline range, to recommend that he receive full credit for acceptance of responsibility, and to move for the dismissal of the remaining count. (D.E. 27 at ¶¶ 1-2.)

The Court ordered that a Presentence Investigation Report ("PSR") be prepared. (D.E. 29.) The PSR found that Rodriguez's base offense level was 12. (PSR at ¶ 12.) With a two-level adjustment for acceptance of responsibility, his total offense level was 10. (PSR at ¶¶ 12-22.) This level, when coupled with his criminal history category of VI (PSR at

¶¶ 23-31), resulted in an advisory guideline range for the offense of 24 to 30 months. (PSR at ¶ 44.)

At sentencing, the United States recommended a sentence of 24 months, consistent with its obligations under the plea agreement. (D.E. 43, Sentencing Transcript ("S. Tr.") at 2.) The Court, however, determined that the advisory guideline range was inadequate in this case. (S. Tr. at 3-4.) Instead, the violent nature of Rodriguez's criminal history, as well as the frequency of his crimes, led the Court to conclude that the factors under 18 U.S.C. § 3553(a) required a higher, non-Guidelines sentence. (S. Tr. at 3-4, 6-7, 8-9, 10-11.) The Court pointed specifically to the need to protect the public, since one of Rodriguez's prior offenses consisted of shooting at a house and hitting a 12-year old girl, another offense involved another drive-by shooting, and he had also been convicted of drug trafficking. (S. Tr. at 3-4, 6, 9.) The Court explained that "the guidelines do not capture the cowardly, deadly behavior of this defendant that indicates he is perfectly capable of taking human life if somebody gets in the way of one of his bullets that he shoots at a place of habitation." (S. Tr. at 4; see also id. at 7, 9.)

The Court sentenced Rodriguez to 48 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, and imposed a $100 special assessment. (S. Tr. at 11; D.E. 37, 38.) Judgment was entered against him on January 15, 2008. (D.E. 38.)

Rodriguez timely appealed. (D.E. 36.) On appeal, Rodriguez argued that this Court erred in imposing a sentence above the recommended guideline range, and that the Court

failed to state adequate reasons to support the longer sentence. (D.E. 48 at 1.) The Fifth Circuit held that this Court did not abuse its discretion in imposing the 48-month sentence and that the reasons given for the sentence were sufficient. (D.E. 48 at 2.) It thus affirmed Rodriguez's sentence in a per curiam opinion dated September 30, 2008. (D.E. 47, 48.) Rodriguez did not file a petition for a writ of certiorari.

Rodriguez's § 2255 motion and supporting memorandum were received by the Clerk on January 26, 2009. (D.E. 49, 50.) His motion is timely.

### III. MOVANT'S ALLEGATIONS

Rodriguez's § 2255 motion lists two grounds for relief. In his first ground, Rodriguez argues that the Court's "upward departure" at sentencing was improper.[3] He claims that since the imposed sentence was based on his prior convictions and he had already received criminal history points for those same prior convictions, the Court's upward departure constituted "double jeopardy." (D.E. 49 at 5.) In his second ground for relief, Rodriguez argues that both his sentencing counsel and appellate counsel rendered ineffective assistance because they "allowed the judge" to increase his sentence by 18 months, even though the

---

[3] Rodriguez refers repeatedly to an "upward departure," but the Court did not technically depart upward; instead, it imposed a non-Guidelines sentence relying on the factors in 18 U.S.C. § 3553(a). See United States v. Smith, 440 F.3d 704, 706-06 (5th Cir. 2006) (describing the types of sentences that can be imposed under the advisory Guidelines regime and distinguishing a departure under the guidelines from a non-Guidelines sentence).

5

Court did not give prior notice of its intention to depart upward. (D.E. 49 at 6; D.E. 50 at 9-11, 13, 15-19.)[4]

In its response, the United States contends that Rodriguez's claims are subject to dismissal. As noted, Rodriguez did not file a reply.

## IV. ANALYSIS

**A.  28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

---

[4] Although not listed as a separate ground for relief, Defendant also claims that the Court improperly increased his sentence based on his "prior arrest record." (D.E. 50 at 11-12, 14.) Under U.S.S.G. § 4A1.3(a)(3), an upward departure based on an arrest record itself is impermissible. This, of course, is intended to protect the presumption of innocence. This Court, however, relied in sentencing Rodriguez not on his prior "arrests," but on his prior convictions. Thus, U.S.S.G. § 4A1.3(a)(3) is wholly inapplicable, and the Court does not address this argument further.

## B.     Claim that This Court's Imposition of a Non-Guidelines Sentence Constituted "Double Jeopardy"

In his first claim for relief, Rodriguez alleges that the Court erred in imposing an increased sentence based upon his prior convictions. He claims this constitutes "double jeopardy." Notably, Rodriguez challenged on appeal the Court's imposition of a sentence above the advisory guideline range, and the Fifth Circuit affirmed. (D.E. 47, 48.) To the extent he challenges his sentence on the same grounds he raised on appeal, his challenge is not properly before the Court. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's § 2255 motion and stating that it has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions").

Construing Rodriguez's § 2255 motion liberally, however, the precise argument he raises therein was not raised on appeal. Although the Fifth Circuit's opinion indicates that Rodriguez argued the court erred in imposing a non-guidelines sentence (D.E. 48 at 1), the appellate court's opinion does not explicitly address the specific contention that Rodriguez now advances, which is that the Court's reliance on his prior convictions in increasing his sentence violates "double jeopardy." Even if properly before the Court, however, this argument is meritless.

Specifically, the Court's consideration of Rodriguez's prior convictions in determining his sentence is in conformity with both: (1) the Sentencing Guidelines; and (2) 18 U.S.C. § 3553(a). The guidelines provide that certain prior convictions are used to

7

establish a defendant's criminal history. An advisory guideline range is then calculated using a combination of the offense level and the criminal history. Rodriguez does not allege that any of his convictions were improperly scored. Moreover, this Court has reviewed his PSR and concludes that there was no error in the computing of his criminal history.

Similarly, 18 U.S.C. § 3553(a) directs the sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) ...." § 3553(a). These purposes include "the need ... to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Additionally, a sentencing court is required to consider the "history and characteristics of the defendant" in imposing sentence. 18 U.S.C. §§ 3553(a)(1). In this case, the Court considered all of the § 3553(a) factors. In so doing, the Court properly considered the defendant's criminal convictions in imposing a 48-month sentence, since those convictions are part of his "history and characteristics."

In no way does the Court's sentence here violate the principles against double jeopardy. See United States v. Doucette, 979 F.2d 1042, 1047 (5th Cir. 1992) (an upward departure under the then-mandatory sentencing guidelines based on a defendant's criminal history was not an impermissible "double penalty"); see also Ewing v. California, 538 U.S. 11, 25 (2003) ("Recidivism has long been recognized as a legitimate basis for increase punishment.") (citation omitted); Witte v. United States, 515 U.S. 389, 400 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense ... [is] a stiffened penalty for

the latest crime, which is considered to be an aggravated offense because a repetitive one") (internal citation and quotation omitted).

Accordingly, to the extent that Rodriguez is challenging his 48-month sentence on the grounds that it constituted "double jeopardy," that claim does not entitle him to relief.

**C.    Ineffective Assistance of Counsel**

    **1.    General Standards**

An ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Sentencing and Appellate Counsel's Alleged Failure to Object to the Court's Inadequate Notice of Its Intention to Impose a Non-Guidelines Sentence

Rodriguez's second ground for relief is that both his sentencing and appellate counsel were ineffective for failing to challenge the Court's increased sentence without prior notice. This claim fails because Rodriguez cannot show prejudice. Quite simply, the premise of these claims, i.e., that inadequate notice was given, is incorrect. Instead, Fifth Circuit precedent clearly establishes that a district court may *sua sponte* impose a non-guidelines sentence without advance notice to the defendant. United States v. Mejia-Huerta, 480 F.3d 713, 722-23 (5th Cir. 2007) (no advance notice is required for the district court to impose a sentence higher than the advisory guideline range, where the sentence is based on 18 U.S.C. § 3553(a) factors). This is because, "[i]n the post-Booker world of advisory guidelines,[5] all parties are on notice that, after considering the sentencing factors of § 3553(a), a sentencing court has the discretion to impose a non-Guidelines sentence." Mejia-Huerta, 480 F.3d at 724. Accordingly, the Court did not err in imposing Rodriguez's 48-month sentence without prior notice.

Because there was no error by the Court, Rodriguez was not prejudiced by his sentencing or appellate counsel's failure to raise this claim. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of

---

[5] Booker v. United States, 543 U.S. 220 (2005).

the proceeding would not have been different had the attorney raised the issue."). Without a showing of prejudice, his ineffective assistance claims fail.

For the foregoing reasons, Rodriguez's § 2255 motion is DENIED in its entirety.

## D.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[6]

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate

---

[6] As of December 1, 2009, absent contrary Congressional action, amended Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the § 2255 Rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Rodriguez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Rodriguez is not entitled to a COA as to any of his claims.

## V. CONCLUSION

For the aforementioned reasons, Rodriguez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 49) is DENIED. Additionally, Rodriguez is DENIED a Certificate of Appealability.

It is so ORDERED this 25th day of October, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE